# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**KERRY LYNCH, doing business as Albany Terrace,**

                **Plaintiff,**

**-vs-**                                                          **Case No. 2:05-cv-287-FtM-33DNF**

**ESSEX INSURANCE COMPANY, a foreign insurance company,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE (Doc. No. 3)** |
| **FILED:** | July 20, 2005 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    This is an action for declaratory relief. Plaintiff claims that the Defendant insured the property, and contents located at 4410 Duncan Road, Punta Gorda, Florida. After the hurricane on August 13, 2004, Plaintiff suffered substantial losses to the property and contents at that location. Plaintiff claims that this damage was covered by the insurance policy with Defendant. Defendant did make a payment to Plaintiff, but the amount was not agreed upon. This action was originally filed in state court in Dade County, was removed to the Southern District of Florida, and then was transferred to this Court.

Plaintiff is requesting that the Court strike the Defendant's First Affirmative Defense. The First Affirmative Defense provides that Plaintiff failed to comply with all applicable loss conditions and then proceeds to list the conditions. Defendant asserts that its First Affirmative Defense is appropriate and should not be stricken. This matter was referred to this Court by Order (Doc. 6) by the Honorable Virginia M. Hernandez Covington, United States District Judge, for the issuance of a Report and Recommendation.

Fed.R.Civ.P. 12(f) provides as follows:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A court will not strike a defense "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Florida Software Systems Inc. v. Columbia/HCA Healthcare*, 1999 WL 781812, *1 (M.D. Fla. 1999), (citations omitted). There is no exact rule to determine whether a defense is sufficient. *Id*. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. [citations omitted]. In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Id*. (citations omitted).

Plaintiff argues that the defense of failing to comply with all applicable loss conditions is insufficient as a matter of law. Plaintiff claims that the Complaint is for declaratory relief and that the Court will rule on whether Plaintiff complied with the conditions precedent to bring this action. Defendant argues that if Plaintiff failed to comply with the conditions precedent then it is a complete

bar to the action. Plaintiff has shown no prejudice. The Court determines that the First Affirmative Defense raises a relevant legal and factual issue and is sufficient to survive a motion to strike.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 14th day of July, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record